**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Carmen Herrera, Gonzalo Ruiz, Jesus Licea
Ibanez, and Concepcion Gomez individually
and on behalf of other employees similarly
situated, Plaintiffs
v.
Ferrara Candy Company, Defendant

## COMPLAINT

Plaintiffs Carmen Herrera ("Herrera"), Gonzalo Ruiz ("Ruiz"), Jesus Licea Ibanez ("Licea Ibanez"), and Concepcion Gomez ("Gomez"), individually, and on behalf of other employees similarly situated, (collectively, "Plaintiffs") through counsel, complain against Ferrara Candy Company ("Ferrara") for violations of 29 U.S.C. § 201 *et seq*., commonly known as the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 115/1 *et seq*., commonly known as the Illinois Wage Payment and Collection Act ("IWPCA"). In support of their complaint, the Plaintiffs state:

## INTRODUCTION

1. This case seeks to remedy Ferrara's willful and reckless companywide practices that have denied hundreds of Ferrara employees their earned overtime and living wages.

2. Ferrara is a non-union producer of popular candies that operates facilities in Forest Park, Bellwood, and Bolingbrook, Illinois with headquarters in Oakbrook Terrace, Illinois.

3. Ferrara has, on a company-wide basis, systematically, willfully, and recklessly failed to pay employees their earned overtime wages for work performed at the beginning of each day.

4. Ferrara required employees to perform integral and indispensable principal activities before their scheduled shift began as part of their work duties, such as retrieving and donning daily issued uniforms, retrieving and donning protective gear, retrieving equipment, reviewing

reports from prior shifts, attending mandatory meetings, moving materials, and inspecting machinery. Failure to do so violated Ferrara's policies and subjected the employee to discipline or wage deductions.

5.  The principal activities that Plaintiffs and other similarly situated employees performed, but were not paid for, was compensable because it was an integral and indispensable part of their principal activities and job functions.

6.  Plaintiffs regularly worked more than forty hours weekly, but were not paid at the rate of one and one-half times their regular hourly rate for all time worked over forty hours weekly.

7.  This action also seeks redress under the IWPCA for Ferrara's failure to pay Plaintiffs for all hours worked at the rate agreed to by the parties.

8.  Ferrara's willful and unlawful compensation practices have denied Plaintiffs and other similarly situated Plaintiffs their earned overtime and living wages.

9.  Plaintiffs, on behalf of themselves, and all others similarly situated, seek equitable and declaratory relief, compensatory damages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

10. 28 U.S.C. §1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

11. 28 U.S.C. §1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

12. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

13. Plaintiffs reside in and are domiciled within this judicial district.

14. Each Plaintiff was Ferrara's employee as defined by the FLSA, IMWL, and IWPCA.

15. Each Defendant was Plaintiffs' employer as defined by the FLSA, IMWL, and IWPCA.

16. During their employment, Plaintiffs' work activities engaged them individually in commerce.

17. During their employment, Plaintiffs handled goods, equipment, supplies, and machinery that moved or were intended to move in interstate commerce.

18. Defendant Ferrara is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Ferrara's annual gross sales exceeded $500,000.00 in the relevant employment period.

20. Throughout the course of Plaintiffs' employment with Ferrara, and in the three (3) years before Plaintiffs filing this lawsuit, Ferrara scheduled Plaintiffs to work more than forty (40) hours per week in one or more individual work weeks.

21. Throughout the course of Plaintiffs' employment with Ferrara, and in the three (3) years before Plaintiffs filing this Complaint, Plaintiffs worked more than forty (40) hours per week in one or more individual work weeks.

22. In the three (3) years before Plaintiffs filing this Complaint, other class members employed by Ferrara also worked more than forty (40) hours per week in one or more individual work weeks.

23. Plaintiff Herrera worked at Ferrara's Forest Park facility from October 2013 to September 3, 2016, as quality control for all departments.

24. Plaintiff Licea Ibanez has worked at Ferrara's Bolingbrook facility from November 2015 to the present, as a forklift driver and materials handler for the packing department.

25. Plaintiff Ruiz worked at Ferrara's Forest Park facility from 1978 to September 2, 2016, as a machine operator in the packing department during the relevant employment period.

26. Plaintiff Gomez worked at Ferrara's Forest Park facility from 2008 to August 10, 2016, as a forklift operator in the starch department during the relevant employment period.

27. Although Ferrara scheduled Plaintiffs to work more than forty (40) hours per week, and although Plaintiffs worked more than forty (40) hours per week, Ferrara did not pay Plaintiffs all of their earned overtime wages at a rate of one and one-half their regular hourly rate of pay for all hours worked over forty (40) each week.

28. Plaintiffs' wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of their performance.

29. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA or the IMWL, nor are they exempt from the wage provisions of the IWPCA.

30. Ferrara failed to pay Plaintiffs and members of the class one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in any given workweek.

### Count I: FLSA Overtime Wages Violation

31. Plaintiffs incorporate all paragraphs above as if fully restated below.

32. Plaintiff Herrera's FLSA collective action consent forms is attached hereto as Exhibit A.

33. Plaintiff Ruiz' FLSA collective action consent forms is attached hereto as Exhibit B.

34. Plaintiff Licea Ibanez's FLSA collective action consent forms is attached hereto as Exhibit C.

35. Plaintiff Gomez's FLSA collective action consent forms is attached hereto as Exhibit D.

36. The FLSA requires that employers pay each employee one and one-half (1.5) times their hourly rate of pay (overtime wages) for all hours worked more than forty hours weekly.

37. This count arises from Ferrara's failure to pay employees all of their earned overtime wages for worked performed at the beginning of each day.

38. Plaintiffs and the members of the class were directed by Ferrara to work, and did so work, more than forty (40) hours per week.

39. Ferrara did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked more than forty (40) hours in their individual workweeks.

40. Ferrara's failure and refusal to pay overtime wages for hours worked more than forty (40) hours per week violated the FLSA.

41. Ferrara's failure and refusal to pay overtime wages for hours worked more than forty (40) hours per week was a willful violation of the FLSA.

42. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B.  Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty hours in individual work weeks;

C.  Award liquidated damages;

D.  Declare Ferrara to be in violation of the FLSA;

E.  Enjoin Ferrara from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant any other relief deemed just.

### Count II: IMWL Overtime Wages Violation

43. Plaintiffs incorporate all paragraphs above as if fully restated below.

44. This Count arises from Ferrara's failure to pay Plaintiffs overtime wages for all time worked more than forty (40) hours in individual work weeks in violation of the IMWL.

45. Ferrara directed Plaintiffs to work, and Plaintiffs did work, more than forty (40) hours in individual work weeks.

46. Plaintiffs were entitled to be paid overtime wages for all time worked more than forty (40) hours in individual work weeks.

47. Ferrara did not pay Plaintiffs overtime wages for all time worked more than forty (40) hours in individual work weeks.

48. Defendant's violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

49. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

50. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

51. Ferrara has employed more than forty individuals in similar positions in the State of Illinois in the last three years.

52. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable.  Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Ferrara.

53. Plaintiffs and other similarly situated persons are equally affected by Ferrara's overtime wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

54. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

55. Plaintiffs and the proposed class of laborers and drivers on one hand, and Ferrara on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages plus penalties, interest, attorneys' fees, and costs of this lawsuit.

56. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

57. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Ferrara. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.  Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B.  Award Statutory damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Ferrara have violated the IMWL;

D.  Enjoin Ferrara from violating the IMWL;

E.  Award reasonable attorneys' fees and costs; and

F.  Grant any other relief deemed just.

### Count III: IWPCA Unpaid Wages Violation

58. Plaintiffs incorporate all paragraphs above as if fully restated below.

59. The IWPCA (820 ILCS § 115/1) applies to all employers and employees in Illinois (except employees of the State or Federal governments).

60. The IWPCA (820 ILCS § 115/2) defines an "employee" as "any individual permitted to work by an employer in an occupation . . . ."

61. The IWPCA (820 ILCS § 115/2) defines an "employer" as any individual, corporation, or limited liability company "for which one or more persons is gainfully employed."

62. Plaintiffs are individuals permitted to work by Ferrara in an occupation.

63. Ferrara is a corporation for which Plaintiffs were gainfully employed.

64. Plaintiffs were Ferrara's employee, and Ferrara was each Plaintiff's employer.

65. The IWPCA (820 ILCS § 115/3) states (inter alia) that "[e]very employer shall be required, at least semi-monthly, to pay every employee *all* wages earned during the semi-monthly pay period" and (820 ILCS § 115/2) defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." (emphasis added)

66. Plaintiffs and the Ferrara had a mutual assent that Ferrara would pay Plaintiffs all wages earned during the relevant pay period at their regular hourly rate.

67. Ferrara were required to pay Plaintiffs all wages earned during the relevant pay period.

68. Ferrara have not paid Plaintiffs all wages earned during the relevant pay period and have therefore violated the IWPCA.

69. The IWPCA statute of limitations is ten (10) years pursuant to 735 ILCS § 5/13-206.

70. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

71. Ferrara has employed more than forty individuals in similar positions in the State of Illinois in the last three years.

72. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Ferrara.

73. Plaintiffs and other laborers and drivers are equally affected by Ferrara's overtime wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

74. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

75. Plaintiffs and the proposed class of other similarly situated persons on one hand, and Ferrara on the other, have a commonality of interest in the subject matter and remedy sought: owed unpaid wages plus penalties, interest, attorneys' fees, and costs of this lawsuit.

76. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

77. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Ferrara. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment for all unpaid wages and compensation due pursuant to the IWPCA;

B. Award damages pursuant to 815 ILCS § 205/2 and 820 ILCS § 115/14(a);

C. Declare that Ferrara have violated the IWPCA;

D. Enjoin Ferrara from violating the IWPCA;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

Respectfully submitted on Tuesday, November 15, 2016.

_____

**Valentin T. Narvaez**
Plaintiffs' Counsel
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-878-1302